IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAN HESSLER and
HALLEIGH HALL,
Individually and as Special
Administrators of the Estate of
Brandon Lee Hessler,

OPINION AND ORDER

             Plaintiffs,

08-cv-166-bbc

   v.

COUNTY OF ST. CROIX, LACY
MAYAVSKI, MICHAEL WELCH,
DANA JUAIRE, DAVID DYKES,
TAMARA MARK, JAMES WILDMAN,
RAQUEL STOCKEY, ROBERT
LARSON, MARK MIKLA, KRIS
ANDERSON, DENNIS HILLSTEAD,
and HEALTH PROFESSIONALS, LTD.,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants County of St. Croix, Lacy Mayavski, Michael Welch, Dana Juaire, David Dykes, Tamara Mark, James Wildman, Raquel Stockey, Robert Larson, Mark Mikla, Kris Anderson and Dennis Hillstead have moved to strike William Gaut as an expert witness. The motion will be granted.

1

From Gaut's expert report, dkt. #45, I understand that he holds himself out as qualified to testify on the following matters: jail management and particularly, jail management of ill inmates; how defendants failed to perform in conformance with Wisconsin statutes and professional standards governing treatment of ill inmates; how defendants lacked adequate training to care for ill inmates; on the signs of medical distress that plaintiffs' decedent, Brandon Lee Hessler, exhibited while in the custody of St. Croix County; how those medical signs should have alerted jail staff to the seriousness of Hessler's need for medical attention and likelihood of death; and that if jail staff believed that Hessler was undergoing detoxification from controlled substances, they should have placed him in a facility equipped to handle detoxification. However, Gaut has almost no experience in the operations of jails in general and he gained the bulk of what little experience he has more than 40 years ago, when he worked as an intern in a county jail for three and one-half months. His only other experience was three weeks of work (one week on each of three shifts) in 1985, while he was preparing for an accreditation review of the police department for which he was working at the time.

Although Gaut has extensive law enforcement experience with the Birmingham, Alabama police department and has taught courses on police procedures and the criminal justice system, he has no real experience in the correctional setting. What little experience he has is more than 20 years in the past. He has taught no courses on the subject of

corrections, taken no courses except one that he took when he studying for his bachelor's degree, done no writing in the field, never submitted an article for peer review, never conducted any studies, never done any research in corrections, never attended any conferences on the subject. He has no knowledge of jails in Wisconsin except what he has learned in the course of preparing for this case. As he testified at his deposition, his main source of knowledge regarding the medical care of inmates in the jail setting is the review of cases in which he has served as an expert.

Fed. R. Evid. 702 allows the introduction of scientific, technical and other specialized knowledge into evidence if it "will assist the trier of fact to understand the evidence or to determine a fact in issue" and if it is offered by "a witness qualified as an expert by knowledge, skill, experience, training, or education." The Supreme Court's decisions in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumbo Tire Co. v. Carmichael, 526 U.S. 137 (1999), makes it clear that it is the responsibility of the trial court to evaluate the bona fides of expert witness to be called at trial as well as the value of the scientific, technical or other specialized knowledge the expert will present to the jury.

In Daubert, 509 U.S. at 592, the Court observed that Rule 702 and its companion, Rule 703, give experts wide latitude to offer opinions "premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of the discipline." In Kumho, the Court explained that experts "tie observations to conclusions through the use

3

of what Judge Learned Hand called 'general truths derived from . . . specialized experience.'" Kumho, 526 U.S. at 148. The Court added that "the expert's testimony often will rest 'upon an experience admittedly foreign in kind to [the jury's] own.'" Id. at 149 (quoting Hand, Historical and Pactical Considerations Regarding Expert Testimony, 15 Harv. L. Rev. 40, 54 (1901)).

Gaut fails at the threshold. He does not qualify as an expert in the field of corrections generally or in the particular field of the care and observations of ill inmates in the jail setting, for all the reasons set out above. On the subject of his supposed expertise, he comes to conclusions in his report merely on the basis of matters obvious to a lay person or by comparison of the actions or omissions to written standards. His testimony would be of no evident usefulness to a jury, which is equally capable to drawing conclusions "obvious to lay persons" and comparing written standards to actions taken by defendants.

As to proposed testimony about Brandon Hessler's medical condition, Gaut has shown no reason why he would be considered an expert in this field. He has never taken a medical course, undertaken any medical research, performed an autopsy or worked as a doctor or in other position in the medical field. In the absence of any experience, training, instruction, he is not qualified as an expert to testify about what was happening to Brandon Hessler. To the extent he testifies, as he did in his deposition, that it would have obvious to anyone that Hessler was severely ill, his testimony would be of no assistance to the jury,

which can draw its own conclusions from the record as to the obviousness of the symptoms of serious illness and risk of death.

ORDER

IT IS ORDERED that the motion of defendants County of St. Croix, Lacy Mayavski, Michael Welch, Dana Juaire, David Dykes, Tamara Mark, James Wildman, Raquel Stockey, Robert Larson, Mark Mikla, Kris Anderson and Dennis Hillstead to strike William Gaut as an expert witness is GRANTED.

Entered this 13th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge